**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2569

_____

STEPHANIE RICKETTS, as parent of L.G., a minor,
Appellant

v.

TITUSVILLE AREA SCHOOL DISTRICT; ROCHELLE CRESSMAN

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 1:21-cv-00129)
District Judge: Honorable Susan Paradise Baxter
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 28, 2025

Before: KRAUSE, BIBAS, and MONTGOMERY-REEVES, *Circuit Judges*

(Filed:  August 18, 2025)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**KRAUSE**, *Circuit Judge*.

Sometimes, despite diligent efforts, school administrators are not able to protect a student from harm. Despite such efforts here, administrators from the Titusville Area School District (District) failed to protect one of their students, L.G., from sexual assault by a teacher. The circumstances are tragic, but because the District's response neither rises to the level of deliberate indifference nor shocks the conscience, we will affirm the District Court's grant of summary judgment in favor of the District.

## I.    BACKGROUND

In the fall of 2018, Rochelle Cressman, a gym teacher at Titusville Middle School and a close family friend of appellant Stephanie Ricketts, began sexually abusing Ricketts's son, L.G., as he was starting eighth grade. Rumors of a relationship between L.G. and Cressman prompted the District to take steps to limit Cressman's access to L.G. pending investigations by the District, Children and Youth Services (CYS), and the District Attorney's office. When each of these investigations failed to turn up evidence of an inappropriate relationship, and with the consent of L.G.'s mother, Stephanie Ricketts, the District lifted its restrictions and permitted Cressman to spend time alone with L.G. In May 2019, as the school year came to a close, evidence of Cressman's sexual relationship with L.G. came to light and Cressman was ultimately convicted of three counts of statutory sexual assault and sentenced to 5-10 years' imprisonment.

In the civil action that gives rise to this appeal, Ms. Ricketts filed a complaint against the District alleging a Fourteenth Amendment failure to protect claim and a state-created danger claim under 42 U.S.C. § 1983. The District Court granted summary

judgment against her, and this appeal followed.

## II.    DISCUSSION[1]

To prevail on a failure-to-protect claim against a school district based on a teacher's sexual abuse of a student, a plaintiff must show that the district's policy, practice, or custom played an affirmative role in bringing about the sexual abuse and that the district acted with "deliberate indifference" to that abuse. *See Black ex rel. Black v. Indiana Area Sch. Dist.*, 985 F.2d 707, 712 (3d Cir. 1993). To establish deliberate indifference, a plaintiff must show "something more culpable on the part of the officials than a negligent failure to recognize the high risk" of harm. *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1025 (3d Cir. 1991). She must show that officials had knowledge of either actual past abuse or a substantial risk of future abuse. *See Johnson v. Elk Lake Sch. Dist.*, 283 F.3d 138, 144 n.1 (3d Cir. 2002); *Bielevicz v. Dubinon*, 915 F.2d 845, 851 (3d Cir. 1990). Mere suspicion or rumors of abuse are insufficient. *See Johnson*, 283 F.3d at 144 n.1.

That high threshold is not met here. It is undisputed that the District had no knowledge of any past abuse by Cressman. And once the District became aware of facts and rumors that suggested the possibility of an inappropriate relationship between Cressman and L.G., it took prompt action by reporting Cressman's behavior to CYS, conducting its own investigation under Title IX, and limiting Cressman's contact with

---

[1] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1343 and we have jurisdiction under 28 U.S.C. § 1291. We review de novo the District Court's order granting summary judgment. *Lomando v. United States*, 667 F.3d 363, 371 (3d Cir. 2011).

L.G. and other students. That investigation, along with those conducted by CYS and the District Attorney's office, did not find evidence of abuse and concluded that the rumors of an inappropriate relationship were unfounded. Throughout this time, L.G. denied any sexual contact with Cressman, and his family, including Ms. Ricketts, insisted that Cressman was simply a close family friend. It was only after these investigations were completed, and with Ms. Ricketts's consent, that the District permitted Cressman again to spend time alone with L.G.

On this record, we agree with the District Court that no rational jury could find that the District had knowledge of either past abuse or a substantial risk of future abuse before May 2019. *See Black*, 985 F.2d at 712–13. Ms. Ricketts urges that, notwithstanding the results of the investigations, the District knew of a risk of harm to L.G. based on District Superintendent Karen Jez's statements that she believed that the investigations had been mistaken and that Cressman's relationship with L.G. was inappropriate. But Superintendent Jez's beliefs were based on suspicion, not facts or evidence, and thus cannot satisfy the knowledge requirement for deliberate indifference.[2] *See Johnson*, 283 F.3d at 144 n.1.

Ms. Ricketts's state-created-danger claim fails for similar reasons. To prevail on a state-created danger claim, a plaintiff must prove, among other things, that "a state actor

---

[2] Because we hold that the District was not deliberately indifferent, we need not consider whether its policy, practice, or custom played an affirmative role in bringing about the abuse. *See Black ex rel. Black v. Indiana Area Sch. Dist.*, 985 F.2d 707, 712 (3d Cir. 1993).

4

acted with a degree of culpability that shocks the conscience." *Bright v. Westmoreland County*, 443 F.3d 276, 281 (3d Cir. 2006). Although "[t]he exact degree of wrongfulness necessary to reach the 'conscience-shocking' level depends upon the circumstances of a particular case," *Miller v. City of Philadelphia*, 174 F.3d 368, 375 (3d Cir. 1999), a plaintiff must generally show either deliberate indifference, gross negligence that shocks the conscience, or actual intent to harm, *see Phillips v. County of Allegheny*, 515 F.3d 224, 241 (3d Cir. 2008). Here, as discussed above, the District's conduct did not amount to deliberate indifference, its prompt response to the rumors of abuse and conduct following the investigations does not shock the conscience, and there is no evidence that the District intended to harm L.G. In short, the District Court did not err in holding that no rational jury could find that the District acted with the degree of culpability required for a state-created danger claim.

## III. CONCLUSION

For the foregoing reasons, we will affirm the District Court's judgment.